Hon. TIMOTHY P. REDFIELD, ⎫
Hon. JONATHAN ROSS, ⎬ Assistant Judges.
Hon. WALTER C. DUNTON, ⎭

---

### JOHN C. PATTEN v. GEORGE H. SOWLES.

#### Evidence.   Variance.   Amendment.

In case against a constable for neglecting and refusing to serve a writ placed in his hands for service, the proof was that plaintiff's attorney went to defendant and "handed out" the writ, saying he wanted it served immediately, but that defendant did not take it, but said he had other business to attend to, and could not serve it then. *Held*, that the *gravamen* of the declaration was defendant's refusal to perform his duty by serving the writ, and that there was therefore no variance.

Plaintiff moved for leave to amend so that the declaration might accord with the proof, but leave was refused, for that so to amend would be to declare on a new cause of action. *Held*, that the cause of action was the same, and that the amendment, if necessary, should have been allowed.

CASE against a constable for neglecting and refusing to serve a writ. Plea, the general issue, and trial by jury, February Term, 1877, Royce, J., presiding.

The declaration alleged, in effect, that the plaintiff sued out a writ of attachment against one George Cook, who was indebted to the plaintiff in the sum of $33, summoning, as trustee of Cook, School District No. 11 in Swanton, which was indebted to Cook in more than a like sum, and placed the same "in the hands" of the defendant, directing him to serve it immediately, but that the defendant, intending thereby to injure the plaintiff, neglected and refused so to do, whereby the plaintiff lost his debt.

The defendant testified that the plaintiff's attorney came to him and handed out the writ in question, saying that he wanted it served immediately, but that he did not take it, and told the attorney that he had other business to attend to, and could not serve it then.

The plaintiff then offered to show that on the morning of the day when the writ was offered to the defendant, and shortly before it was so offered, the defendant who had had such informa-tion from the plaintiff's attorney, gave information of the oppor-tunity that then existed to secure a debt against Cook to a mem-ber of a firm in which he was himself interested, and urged an immediate attachment. He also offered to show other facts hav-ing a like probative tendency. To the admission of the testimony so offered, the defendant objected, for that the plaintiff had not introduced any evidence tending to show that the attorney "had placed the writ in defendant's hands," as the declaration alleged —the defendant's testimony having tended to show that the de-fendant did not take it into his hands. The court inquired of the plaintiff's counsel if he expected to show in that connection that the writ was placed in the defendant's hands. He replied that he did not, and thereupon the testimony was excluded; to which the plaintiff excepted.

The plaintiff thereupon moved for leave to amend so that the declaration might conform to the defendant's evidence; but the court refused to grant leave, solely for the reason that so to amend would be to declare on a new cause of action. To that refusal the plaintiff excepted.

The court ordered a verdict for the defendant.

*H. C. Adams*, for the plaintiff.

The gist of the action was the neglect and refusal to serve the writ. There was therefore no variance. *Isham* v. *Eggleston*, 2 Vt. 270.

*Jed. P. Ladd* and *H. S. Royce*, for the defendant.

The ordering of a verdict for the defendant was correct, and that decision cannot be revised, as no exception was taken thereto.

The evidence offered by the plaintiff was properly excluded. It had no tendency to prove the cause of action alleged.

· The amendment was properly disallowed. *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Emerson* v. *Wilson*, 11 Vt. 357 ; *Dewey* v. *Nicholas*, 44 Vt. 24.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff avers in substance in his declaration that the defendant refused to serve a writ *put into his hands*, whereby he lost his debt.

The proof was that he offered him the writ, and requested him to serve it immediately, and he refused to serve it for reasons given, and did not take it into his hands. The court ruled that the proof fatally varied from the declaration, which was not amendable, for the sole reason that it would introduce a new cause of action. This, we think, was error. Section 21, c. 12, Gen. Sts., provides that " any sheriff or deputy sheriff who shall wilfully neglect and refuse to serve or return any such writ or precept issuing from lawful authority and *delivered* to him to serve and return, . . . shall, on conviction, . . . pay a fine, . . . and shall pay to the party aggrieved by such neglect or refusal all damages thereby sustained, with costs." Section 20 makes it the duty of sheriffs to *receive* and *execute* and return all writs and precepts. The duty of an officer to serve legal process attaches when it is offered to him with the request to serve it—when it is put potentially within his control. The *gravamen* of the declaration is that it became the duty of the defendant, on the 5th day of May, 1875, to serve the writ, and that he refused to do it. It is not necessary in an action of tort that the plaintiff should prove every point in

Patten *v.* Sowles.

his declaration. He must so far prove the cause of complaint, and the same cause, that a right of action accrues. *Skinner* v. *Grant*, 12 Vt. 456, 462. The statute uses the word " deliver " in defining the duty of the officer. The pleader in this case uses the words, "put into his hands." If a process is laid on the table before the sheriff and .he is instructed to serve it, it is delivered to him, and his duty to serve and return the process is fixed, unless he have some legal excuse. And, we think, under this declaration, that proof.that the writ was offered to him, and made subject to his control, and his attention called to the duty required of him, is proof that it was " put into his hands." A sheriff may be without hands, or otherwise disabled from the manual taking of a writ, and the process may be, from the necessity of the case, put into his hat or pocket, and in such case it is " put into his hands " and possession. In the form of declaration in trover, it is alleged that the plaintiff lost the goods which afterwards came into the *hands* and possession of the defendant. Yet proof that plaintiff owns the goods, and defendant has the actual or constructive possession, and refuses to surrender them, is sufficient to sustain the action. So in this case, the tender of the writ with the request to serve it, is sufficient proof, under this declaration, to raise a duty on the part of the defendant to perform the service.

II. The writ, we think, was clearly amendable, if amendment were required. The plaintiff claims damages for the loss of his debt occasioned by defendant's refusal to serve the writ, and the plaintiff had no occasion to add more by way of amendment than that he " offered and tendered the writ to the defendant " instead of the words, " put into his hands." But this, as we have seen, in this case was unimportant.

*Judgment reversed, and cause remanded.*